TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-8323
    Facsimile:   (213) 894-0141
    E-mail:  Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 19-CR-773-ODW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CHRISTINE MARIE GRAYSON |
| v. | |
| CHRISTINE MARIE GRAYSON, | Sentencing Date: May 2, 2022<br>Sentencing Time: 11:00 AM |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremiah Levine, hereby files its sentencing position regarding defendant Christine Marie Grayson.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter prepared by the United States Probation Office, and any other evidence or argument that the Court may wish to consider at the time of sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: April 18, 2022              Respectfully submitted,

                                   TRACY L. WILKISON
                                   United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/ Jeremiah Levine
                                   JEREMIAH LEVINE
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Christine Marie Grayson ("defendant") has had a sad life.  She has made progress since her arrest in this matter.  But she committed a serious crime, and given her long history of prior crimes, a Guidelines sentence is appropriate.

The Presentence Investigation Report (Dkt. 75 ["PSR"]) issued by the United States Probation Office ("USPO") calculates a Guidelines range of 12 to 18 months' imprisonment based on a total offense level of seven and a criminal history category of V.  (PSR ¶ 102.)  The USPO recommends a sentence of one days' imprisonment, three-years' supervised release, and a $100 special assessment.  (Dkt. 74 ["Rec. Letter"] at 2.)

The government concurs with USPO's Guidelines calculation.  The government recommends a low-end sentence of 12 months' imprisonment, three-years' supervised release, and a $100 special assessment.

**II.   OFFENSE CONDUCT**

Defendant's conduct is detailed in her plea agreement as follows:

> Beginning on a date unknown and continuing through at least on or about August 20, 2019, in Los Angeles County, within the Central District of California, defendant, knowingly and with intent to defraud, executed a scheme to obtain monies, funds, assets, and other property owned by and in the custody and control of Capital One Bank, N.A., which was at all relevant times insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises.

3

Specifically, co-defendant Kenneth Haberman ("Haberman") submitted a fraudulent credit card application to Capital One Bank, N.A. ("Capital One") using victim J.T.'s real name, Social Security Number, and date of birth.  Haberman would hereby fraudulently obtain a credit card in the name of victim J.T. (the "Capital One card").  Defendant and Haberman would then knowingly and willfully use the Capital One card to make the following fraudulent purchases, in the Central District of California and elsewhere.  Defendant willfully executed the fraudulent scheme by, among other things, making the following fraudulent purchases with the Capital One card, either on her own or with Haberman:

- July 29, 2019: $349.31 purchase at a Home Depot store in Lancaster, California;
- July 31, 2019: $91.19 purchase at a Walmart store in Lancaster, California;
- August 2, 2019: $369.91 purchase at a Home Depot store in Lancaster, California;
- August 3, 2019: $72.97 purchase at a Walmart store in Lancaster, California;
- August 4, 2019: $281.87 purchase at a Walmart store in Lancaster, California
- August 18, 2019: $148.83 purchase at a Walmart store in Lancaster, California.

By making these purchases, defendant falsely represented to Capital One that she was authorized to make such purchases, knew her representation was false, and did so with the intent to defraud Capital One.  In total, the actual loss from defendant's

participation in the scheme (that is, the pecuniary harm that resulted from the offense and was known or reasonably foreseeable to defendant) was $9,509.68.

(Dkt. 68 [Plea Agreement] ¶ 11.)

## III. GUIDELINES CALCULATION

The USPO determined that defendant has a criminal history score of 10 and falls within criminal history category V.  (PSR ¶ 51.)  The United States concurs with this calculation.

The USPO also calculates indicates a total offense level of 7, calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1 |
| Loss of More Than $6,500: | +2 | U.S.S.G. § §2B1.1(b)(1)(B) |
| Acceptance of responsibility: | -2 | U.S.S.G. §§ 3E1.1(a), (b) |
| Total offense level: | 7 | |

Based on a total offense level of 7 and a criminal history category of V, the USPO calculates defendant's Guidelines range as 12 to 18 months' imprisonment.  (PSR ¶ 102.)  Defendant's Guidelines also call for a supervised release term of three years under U.S.S.G. § 5D1.2(c).  (PSR ¶ 105.)

## IV. A 12-MONTH LOW-END SENTENCE IS APPROPRIATE BASED ON THE RECORD AS A WHOLE

Based on the calculations above and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to 12 months' imprisonment, which is the low end of the applicable Guidelines range, a three-year period of supervised release, and a $100 special assessment.

The recommended sentence is supported by defendant's wrongful conduct.  First of all, defendant committed bank fraud, which is a serious crime.  Second, she committed the serious crime six times: that is, she used the victim's credit card six times over the course of nearly a month.  And third, defendant used the card herself, rather than merely in collaboration with co-defendant Haberman.  In sum, this was not an accident or a one-time bad choice.  Defendant deliberately and repeatedly committed the charged offenses.

Defendant also has a significant criminal history that further indicates that the instant conduct was not an isolated bad choice. And although defendant's methamphetamine use may be a factor in her criminal history, her crimes are not merely drug use.  In 2015, defendant was found with a large amount of methamphetamine, pay-owe sheets, and a scale, and was adjudicated guilty of possession of a controlled substance for sale.  (PSR ¶ 50.)  Given defendant's numerous prior crimes, her risk of recidivism is high.

Defendant's personal hardships and history of drug addiction and sad and sympathetic.  They have likely contributed to defendant's crimes, which are notably non-violent.  These circumstances warrant a sentence at the end low-end of the Guidelines range.

Finally, defendant should be sentenced to three years' supervised release.  Defendant admits to a drug problem, and to benefitting from the structure of a recovery program.  After her release for the instant crime, she will need the structure of supervised release to reenter civilian life.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests the imposition of a sentence of 12 months' imprisonment, a three-year

6

term of supervised release, a mandatory special assessment of $100, and otherwise in accord with the recommendations of the USPO.